# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60492
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 18, 2017

Lyle W. Cayce
Clerk

736 BUILDING OWNER, L.L.C.; CYTEC SOFTWARE SYSTEMS,
INCORPORATED; OSCAR DE LEON, Individually,

> Plaintiffs - Appellants

v.

REGIONS BANK,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-222

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit
Judges.

PER CURIAM:*

This action is before us based on diversity jurisdiction. Plaintiffs-Appellants allege Regions Bank ("Regions") breached a building development loan and its duty of good faith and fair dealing when it refused to make

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60492

additional advances on a line of credit. The district court granted summary judgment in favor of Regions. We AFFIRM.

## I. FACTUAL HISTORY

In July 2008, 736 Building Owner, L.L.C. ("Owner") executed a promissory note and loan contract ("Deed of Trust") with Regions for $2.1 million. The Deed of Trust was to fund the renovation of a building located at 736 South President Street, Jackson, Mississippi (the "Property"). Oscar De Leon, then a member of Owner, guaranteed the loan. The Property, an assignment of rents, and certain assets of Cytec Software Systems, Inc. ("Cytec") secured the loan. Cytec's assets were in accounts managed by Morgan Keegan.

The renovation proved more costly than anticipated. By March 2009, Owner had nearly exhausted its line of credit with Regions. Regions initially declined to increase Owner's line of credit, so Owner sought additional funding from other lenders. During Owner's search for new lenders, Regions granted De Leon permission to draw down Cytec's accounts to pay for some, but not all, renovations on the Property. After Owner secured a federal historic tax credit funding commitment letter from Carlisle 2010 Historic Tax Credit Fund II Limited Partnership ("Carlisle"), Regions agreed to increase its loan commitment to $2.4 million in June 2010. The parties entered into the modified loan agreement (the "Modified Deed of Trust") in October 2010.

The Modified Deed of Trust stated that "[Regions'] obligation to make the Initial Advance and each subsequent Advance under this Agreement shall be subject to the fulfillment to [Regions'] satisfaction of all of the conditions set forth in this Agreement and in the Related Documents." It further provided that Regions "shall have no obligation to make Loan Advances or to disburse Loan proceeds if: (A) Borrower or any Guarantor is in default under the terms of this Agreement or any of the Related Documents." Except as otherwise

stated, the Modified Deed of Trust incorporated all terms of the original Deed of Trust. The original Deed of Trust required Owner to "pay when due (and in all events prior to delinquency) all taxes . . . levied against or on account of the Property."

It was not until February 2011 that Owner requested a draw under the Modified Deed of Trust. Earlier that month, Owner had failed to pay the Property's 2010 property taxes. Regions denied the request. After Regions declined to advance further funding under the line of credit, Carlisle and De Leon provided the additional funds necessary to complete the renovations.

## II. PROCEDURAL HISTORY

In 2014, Owner, De Leon, and Cytec filed suit in Mississippi state court against Regions for breach of the Modified Deed of Trust and breach of the duty of good faith and fair dealing. All alleged breaches stemmed from Regions's refusal to advance funds in February 2011. Regions removed the action to the United States District Court for the Southern District of Mississippi.

Regions ultimately sought summary judgment on all claims, which the district court granted. First, the district court found that Owner's failure to pay its 2010 property taxes put it in default under the terms of the Modified Deed of Trust. Thus, Regions was under no obligation to disburse additional funds. Further, the Modified Deed of Trust stated "Upon the occurrence of any Event of Default and at any time thereafter, Lender may, at its option, . . . do any one or more of the following without notice to Borrower: . . . (c) Withhold further disbursement of Loan Funds." The district court concluded that Regions did not have a duty to provide notice of default before withholding funds. Additionally, the district court found that neither De Leon nor Cytec was party to the Modified Deed of Trust, nor did they claim to be third-party beneficiaries, so Regions did not owe either any duties under the contract. While noting that all contracts in Mississippi are subject to an implied

covenant of good faith and fair dealing, Mississippi court have stated that breach of this covenant requires breach of the underlying contract. Because the district court concluded that Regions did not breach the Modified Deed of Trust, it found that Regions had not breached its duty of good faith and fair dealing. Accordingly, the district court dismissed all claims.

Owner, Cytec, and De Leon appealed.

## III. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## IV. DISCUSSION

Owner, Cytec, and De Leon raise three points of error. First, Appellants contend that the district court erred in granting summary judgment because a factual dispute remained concerning whether Regions ever intended to release funds under the Modified Deed of Trust. Second, they allege that Regions did not provide reasons for failing to advance funds, even though Regions was required to give notice and an opportunity to cure. Third, they argue that Regions violated its duties of good faith and fair dealing.

After considering the parties' arguments as briefed on appeal and conducting a thorough review of the record, the applicable law, and the district court's succinct, well-reasoned opinion, we AFFIRM the district court's judgment and adopt its analysis in full.

4